UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY NELSON, )
 )
    Plaintiff, )
 )
    v. ) No. 4:05-CV-1695-CDP
 )
DAVID M. SWIRE, )
 )
    Defendant. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center, seeks monetary and declaratory relief in this 42 U.S.C. § 1983 action against defendant David M. Swire (Clinical Director, MSOTC). Plaintiff alleges that prior to his civil commitment, he was incarcerated at the South Central Correctional Center ("SCCC"). He states that the earlier of the events set forth in his complaint occurred at SCCC and that later events occurred at the MSOTC.

Specifically, plaintiff alleges that defendant violated his due process rights by writing a false End of Confinement report ("EOC"), stating that plaintiff had remained in contact with his victim, had threatened her and had tried to get another inmate to kill her husband. According to plaintiff, defendant wrote in the EOC report that plaintiff was found guilty of conspiracy to commit murder/ manslaughter in an incident involving another inmate asking him to rape and kill plaintiff's cousin. Plaintiff claims that he was not given a copy of the "evidence," and he was not afforded the right to challenge the "facts" surrounding the allegations or the right to "confront the accuser."

Plaintiff alleges that the false EOC report was used as evidence in his civil commitment hearing and resulted in his being placed at MSOTC. Plaintiff further alleges that, as a result of the false EOC report, he was moved to Hoctor 3 residential ward, where he was beaten and sexually assaulted.

**Discussion**

Missouri's Sexually Violent Predators Act ("SVPA") authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. Mo. Rev. Stat. 632.480, *et seq*. The SVPA reaches persons who have pled or been found guilty of a sexually violent offense, persons found not guilty of committing a sexually violent offense by reason of mental disease or defect, persons committed as criminal sexual psychopaths, and persons at any time convicted of a sexually violent offense who have committed a recent overt act. Mo. Rev. Stat. § 632.480(5)(a) and (b); § 632.484.1(1) and (2).

When it appears that a person who is confined for a sexually violent offense and who, in the opinion of a majority of a prosecutor's review committee, meets the definition of a sexually violent predator is about to be released from prison, the attorney general may file a civil commitment petition in the probate division of the appropriate circuit court alleging that the person is a sexually violent predator. Mo. Rev. Stat. § 632.486. The filing of a civil commitment petition triggers a process for detaining, and trying the person as a sexually violent predator, during which he is afforded a panoply of protections including: (1) representation by and assistance of counsel (appointed by the court if the individual is indigent); (2) a probable cause hearing; and (3) trial by a judge or jury.[1] Mo. Rev. Stat. §§ 632.489 and .492.

In the case at hand, it appears that, at the end of plaintiff's prison sentence for a sexually violent offense, he was found to be a "sexually violent predator" under the SVPA and became a civil detainee. The gravamen of plaintiff's complaint is that defendant wrote a false EOC report that was used in the state court proceeding and resulted in his civil commitment. Thus,

---

[1]Under Missouri's SVPA, the individual, the attorney general, and the judge have the right to demand a jury trial. If no demand is made, then the trial is before the court. Mo. Rev. Stat. § 632.492.

plaintiff is seeking this Court's review of a state court proceeding and is attacking the validity of his confinement.

First, federal courts are courts of limited jurisdiction. They lack subject matter jurisdiction to engage in appellate review of state court decisions. Review of state court decisions may only be had in the United States Supreme Court. *See Postma v. First Federal Savings and Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Second, § 1983 requires a causal relationship between defendant's conduct and plaintiff's alleged constitutional deprivation. *Latimore v. Widseth*, 7 F.3d 709, 716 (8th Cir. 1993). Assuming, *arguendo,* that defendant's EOC report was false, if defendant's report was not used in the civil commitment proceeding, then said report was not the cause of plaintiff's commitment. If defendant's report was false and it was used in the civil commitment proceeding, then said report is not the cause of plaintiff's commitment because of the statutory intervening procedure that occurred, *supra*.

Third, to the extent that plaintiff seeks damages stemming from his allegedly unconstitutional confinement, plaintiff has failed to state a claim upon which relief may be granted. A judgment awarding plaintiff damages for being illegally confined would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 5] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2], plaintiff's motion to appoint counsel [Doc. 6] and plaintiff's motion to request jury trial [Doc. 7] be **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**